DOUBLEDAY v. KALAMAZOO CITIZENS LOAN & INVESTMENT CO.

1. CORPORATIONS—STOCK AND STOCKHOLDERS—DEBENTURES.

Plaintiffs, as holders of cumulative preferred stock with prospect of big dividends, cannot at the same time have the interest on debentures for which such stock was exchangeable and which they have not owned or held and be a creditor of the corporation.

2. SAME—JUDICIAL INTERFERENCE.

Court cannot alter the position of holders of cumulative preferred stock who elected not to exchange their stock for debentures nor make a new contract between such holders, corporation controlled by holders of common stock, and holders of debentures.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 13, 1934. (Docket No. 37, Calendar No. 37,849.) Decided September 18, 1934.

Bill by Ulysses F. Doubleday and Donald B. Doubleday against Kalamazoo Citizens Loan & Investment Company, a Michigan corporation, Vernon T. Barker and others, officers and directors, to obtain an adjudication as to priority between holders of cumulative preferred stock and debenture holders and for other relief. From decree rendered, both parties appeal. Modified and affirmed.

*Adams, Van Horn & Bloem,* for plaintiffs.

*Mason & Sharpe,* for defendants.

POTTER, J. Plaintiffs filed a bill against the Kalamazoo Citizens Loan & Investment Company, a corporation, its officers and directors, claiming to be the owners of 221 shares of 8 per cent. cumulative preferred stock of defendant corporation, organized with $390,000 capital ($130,000 in common stock and $260,000 in preferred stock), the par value of each share of stock being $25. This stock was sold by the corporation on the basis of $35 a share, thus creating a paid up but unearned surplus amounting to $10 a share. The corporation for a time made money, but when the bubble of credit inflation burst, this corporation, with commendable foresight, sought shelter by seeking to keep expenses in line with diminished earnings. Its common stockholders control the officers of the corporation. They voted to issue the corporation debentures and to exchange them with the holders of the preferred stock on the basis of $25, plus $10, plus $1 a share to cover the dividends on the preferred stock up to July 1, 1930, or $36 in debentures for each share of preferred

stock, which preferred stock when so acquired was canceled and destroyed. The holders of all but 396 shares of the preferred stock accepted the offer and of this 396 shares which did not accept, plaintiffs represent 221 shares which they still own. Plaintiffs, by their bill of complaint, ask the issuance of the company's debentures in exchange for its preferred stock be declared *ultra vires,* illegal, contrary to the company's charter, null and void, in violation of plaintiffs' rights and confiscatory of their property, and the debenture holders be declared to have no prior rights over the holders of plaintiffs' preferred stock and the corporation pay the amount of interest upon the preferred stock and the principal amount thereof; that the corporation be restrained from paying any more interest on its debentures until plaintiffs are paid back the principal amount of their preferred stock and the interest thereon, the corporation come to an accounting and for other relief.

The trial judge filed a written opinion in which he stated:

"In my opinion this record will not support the conclusion that the action of defendant company in providing for the issuance of debentures for preferred stock under the particular circumstances shown was *ultra vires* or unwarranted or taken in bad faith.

"We must look at the situation as it then appeared to the stockholders and to those in charge of the affairs of defendant company and not as it may since, in the light of later events, have proved to be. It is highly probable that it is very different than they anticipated.

"Plaintiffs are not entitled to the specific relief prayed but they have at all times had, and still have, the right to exchange their preferred stock for debentures. They are not barred therefrom by laches.

They are entitled to cash or debentures for accrued interest equal to that paid the other holders of debentures. If they had exercised their right to exchange earlier they would have received interest in cash with the others. For reasons satisfactory to themselves they elected to delay their acceptance of defendant's proposal.

"It may or may not be that defendant company should have created a reserve fund for the payment of interest on all debentures that might be issued at any time no matter how remote. Apparently that was not done and apparently defendant company had no reason to expect there would ever be any demand by the plaintiffs for debentures or interest thereon.

"Under all the particular circumstances shown I do not think plaintiffs are now entitled in a court of equity to insist that defendant company pay accrued interest on the debentures to be issued to them in cash from the capital assets of the company.

"Upon the surrender of their preferred stock they should receive debentures therefor and for accrued interest thereon."

The decree of the trial court followed this opinion. From the decree entered plaintiffs appeal and defendants take a cross-appeal.

Plaintiffs contend the decree of the trial court, in addition to providing plaintiffs may exchange their preferred stock upon the basis of $36 a share, should provide:

"In addition thereto that said defendant corporation shall pay to each one of the plaintiffs in cash the same *pro rata* amount of interest as has been heretofore paid by defendant to the preferred stockholders who surrendered their preferred stock and took debentures therefor and that plaintiffs be placed upon the same footing and in the same position that the holders of debentures are in who sur-

rendered preferred stock and took debentures therefor.''

Defendants and cross-appellants ask the decree of the trial court be modified by striking therefrom the following language:

"In addition thereto said defendant corporation shall issue to each of the said plaintiffs the like debentures of said defendant corporation for the same amount of interest per dollar of each of plaintiffs' said preferred stock as the said defendant corporation has heretofore paid as interest per dollar on the debentures issued by said corporation to other holders of preferred stock who surrendered their preferred stock and took debentures therefor.''

Plaintiffs had a chance to surrender their preferred stock and become holders of debentures. They did not choose to do so. In case the corporation should succeed after the payment of 8 per cent. upon the preferred stock and 8 per cent. upon the common stock, the holders of the preferred stock would be entitled to a distribution of one-half of the amount earned in excess of such 8 per cent. on all stock and under the circumstances with the greater amount of the preferred stock surrendered and debentures taken therefor, this amount distributed among the 396 shares might amount to a substantial sum.

Plaintiffs did not elect to exchange their preferred stock for debentures but held it and still continue to hold it. Plaintiffs cannot be stockholders in defendant corporation and at the same time, based on the same transaction, claim the rights of debenture holders. They cannot hold the preferred stock of the defendant corporation with a prospect, however remote, of big dividends and at the same time, on the same transaction, have the benefit of interest on debentures as a creditor of the corporation. They

cannot be part owners of the corporation as preferred stockholders and creditors of the corporation at the same time based upon debentures which might have been but never were issued in exchange for the preferred stock. As stockholders they cannot be entitled to interest on the debentures they did not own, or hold, and at the same time be entitled to dividends on the preferred stock in case the same were earned and declared. We cannot make a new contract for the parties nor may we change the position which they elected to take. After it was ascertained dividends on the preferred stock were not going to be declared, plaintiffs now seek to get debentures on the same basis as other persons who exchanged their preferred stock for debentures, and also to have the benefit of interest upon the debentures which they did not hold, and for which they had not exchanged their preferred stock, the same as if they had exchanged their preferred stock for debentures at the time the proposition was first offered. We think plaintiffs are not entitled to this relief.

The decree of the trial court will be modified so as to permit plaintiffs if they so elect, to exchange their preferred stock for debentures upon the same basis exchange was made by the other holders of preferred stock in defendant corporation, and, as so modified, the decree will be affirmed, with costs to defendant corporation.

North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred. Nelson Sharpe, C. J., did not sit.